**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

In re:

SURE WINNER FOODS,

Debtor.

Chapter 11
Case No. 19-20226

# DEBTOR'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTOR TO FILE UNDER SEAL UNREDACTED VERSIONS OF CERTAIN FILINGS THAT MAY CONTAIN CONFIDENTIAL INFORMATION

Sure Winner Foods, the debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Debtor"), by and through its attorneys, and pursuant to, *inter alia,* 11 U.S.C. §§ 105 and 107, Fed. R. Bankr. P. 9013, 9014, and 9018, and D. Me. LBR 9013-1 and 9014-1, moves this Court (the "Motion") for an order (i) authorizing the Debtor to file under seal unredacted versions of the following documents which may contain sensitive confidential information (the "Confidential Information") and are subject to confidentiality and non-disclosure provisions:[1]

(a) Declaration of Keith Benoit in Support of Chapter 11 Petition and Various First Day Motions [D.E. 8],

(b) Debtor's Motion for Authority to Assume the Executory Contract with Nestlé Dreyer's Ice Cream Company ("NDIC") [D.E. 10],

(c) Debtor's Motion for Authority to Assume the Executory Contract with Rich Products Corporation ("RPC") [D.E. 16],

(d) Debtor's Motion for Authority to Assume the Executory Contract with Schwan's Consumer Brands, Inc. ("SCB," and together with NDIC, and RPC, the "Vendors") [D.E. 13],

(e) Motion for Order Compelling NDIC to Appear for Rule 2004 Examination and to Produce Documents in Connection Therewith [D.E. 9]

---

[1] At this time, the Debtor requests that only the above described Vendor Documents be filed under seal. The Debtor expressly reserves the right to file additional motions to file under seal, or renew its request herein, as additional pleadings and documents containing sensitive confidential information are filed in the Debtor's chapter 11 case.

1

(collectively, the above-described documents containing Confidential Information, and the relevant attachments, may be referred to as the "Vendor Documents"); and

(ii) directing that the unredacted versions of these documents remain under seal and not be made available to anyone without the consent of the Debtor or further order of the Court. In support of the Motion, the Debtor states as follows:

## JURISDICTION, VENUE AND PREDICATES FOR RELIEF

1. The United States District Court for the District of Maine (the "District Court") has original, but not exclusive, jurisdiction over the Debtor's Chapter 11 case pursuant to 28 U.S.C. § 1334(b). Pursuant to 28 U.S.C. § 157 and Rule 83.6 of the District Court's local rules, the District Court has authority to refer and has referred this proceeding to this Court.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and this Court has constitutional authority to enter final judgment in this proceeding.

3. Venue over this Chapter 11 case is proper in this district pursuant to 28 U.S.C. § 1408, and venue over this proceeding is proper in this district pursuant to 28 U.S.C. § 1409.

4. The relief sought in this motion is predicated upon sections 105 and 107 of title 11 of the United States Code (the "Bankruptcy Code"), rules 9013, 9014, and 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rules 9013-1 and 9014-1 of the District of Maine Local Bankruptcy Rules (the "Local Rules").

## BACKGROUND

5. On May 7, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business as a debtor in possession pursuant to Bankruptcy Code §§ 1107 and 1108. As of the date hereof, no

trustee or examiner has been sought or appointed in the case, and no official committee has been appointed.

6.      The Debtor is one of the largest frozen food distributors in the Northeastern United States.  Originally founded in 1979 to deliver ice cream in northern Maine, the Debtor has grown into a leading distributor of frozen foods, ice cream and novelties.

7.      The Debtor's business relies upon various purveyors of frozen foods for its inventory.  In furtherance of the its business operations, the Debtor has executed contracts with NDIC, RPC, and SCB.

## RELIEF REQUESTED

8.      The Debtor seeks entry of an order, substantially in the form of the proposed order: (a) authorizing the Debtor to file under seal unredacted versions of the Vendor Documents that may certain Confidential Information subject to confidentiality and nondisclosure provisions; and (b) directing that the unredacted versions of the Vendor Documents remain under seal and not be made available to anyone without the consent of the Debtor or by further order from the Court.

## BASIS FOR RELIEF

9.      Although there is a strong presumption of public access to court records, access to judicial records is not without limits. *See* Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978).  Section 107(b) of the Bankruptcy Code codifies an exception to the general rule of access, expressly providing that "[o]n request of a party in interest, the bankruptcy court shall […] (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under [the Bankruptcy Code]." 11 U.S.C. § 107(b).

10. Additionally, section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

11. Bankruptcy Rule 9018 sets forth the procedures by which a party may obtain a protective order authorizing the filing of a document under seal. That provision provides, in relevant part:

> [o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires […] to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information.

Fed. R. Bankr. P. 9018.

12. Where information falls within a category set forth in Bankruptcy Code section 107(b), "the court is required to protect a requesting interested party and has no discretion to deny the application." Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 27 (2nd Cir. 1994); In re Food Mgmt. Group, LLC, 359 B.R. 543, 554 (Bankr. S.D.N.Y. 2007) ("[I]f a paper falls within one of the express exceptions in § 107(b), on the request of a party in interest, the bankruptcy court shall protect a person."); *see also* In re Gitto Global Corp., 422 F.3d 1, 7 (1st Cir. 2005) (dicta noting that protection is required once the court has determined that the matter falls within one of the two subsections of section 107(b)).

13. Each of the Vendors and the Debtor have entered into certain contracts which contain explicit confidentiality provisions, and public disclosure of the terms and conditions could constitute a breach of the agreement. Additionally, the Debtor previously entered into a separate non-disclosure agreement with NDIC and its affiliated entity, Nestlé USA, Inc., specifically limiting the use and release of the Confidential Information, as defined therein.

14. Accordingly, the Vendor Documents contain certain sensitive Confidential Information, including certain distribution channels, strategic plans and marketing programs, and proprietary pricing information for Vendors, which information may be the subject of confidentially and nondisclosure provisions. Moreover, these provisions make confidential all terms of the underlying agreements. Given the express confidentiality agreements with each Vendor, the Debtor is confident that the Vendors have a strong interest in keeping their proprietary information in confidential form, and would contend that filing such documents (other than under seal) would violate such agreements.

15. To fall within the purview of Bankruptcy Code section 107(b)(1), information need not be both commercial information and a trade secret to be protected, since section 107 is written in the alternative. In re Orion Pictures Corp., 21 F.3d at 27. Confidential commercial information is "information which would cause 'an unfair advantage to competitors by providing them information as to the commercial operations of [an entity].'" Robbins v. Tripp, 510 B.R. 61, 66 (E.D. Va. 2014) (citing In re Orion Pictures Corp., 21 F.3d at 27). "The purpose behind the statute 'is to protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury.'" Id. (quoting In re Georgetown Steel Co., 306 B.R. 542, 546 (Bankr. D.S.C. 2004)).

16. Commercial information subject to the protections of section 107(b) of the Bankruptcy Code is generally defined as information that would cause unfair advantage to competitors by providing them with information as to commercial operations of debtor. In re Georgetown Steel Co., LLC, 306 B.R. at 546. Specifically, disclosure of the distribution channels, marketing plans, and pricing information could provide the Vendors vis-à-vis each other, and other market competitors, with an advantage in their own sale and distribution of

frozen food items in the New England market. In addition, pursuant to the express terms of contracts themselves and a separately executed non-disclosure agreement, the Debtor may be required to maintain confidentiality with respect to the terms and conditions of its contracts with the Vendors.

17. Accordingly, the Debtor respectfully requests that the Court authorize the Debtor to file unredacted versions of the Vendor Documents under seal, and to file and serve redacted copies thereof, without attaching copies of the referenced agreements.

## NOTICE

18. Notice of this Motion was served on the following parties on the date on which the Motion was filed by CM/ECF, e-mail, facsimile, or overnight mail: (i) the United States Trustee; (ii) the Vendors; (iii) the holders of the twenty (20) largest unsecured claims against the Debtor's estate; (iv) all parties known to the Debtor who hold any liens or security interest in the Debtor's assets who have filed UCC-1 financing statements against the Debtor; (v) KeyBank National Association; (vi) the Internal Revenue Service and all relevant taxing authorities of Maine; and (vii) certain other parties identified in the certificates of service filed with the Court.

## CONCLUSION

19. WHEREFORE, the Debtor respectfully requests that this Court enter an order: (a) authorizing the Debtor to file unredacted versions of the Vendor Documents under seal; (b) directing that the Vendor Documents remain under seal and not be made available to anyone without the consent of the Debtor or further order from the Court; and (c) granting such other and further relief as the Court may deem necessary and appropriate.

Dated: May 7, 2019

**SURE WINNER FOODS**

By its proposed attorneys:

*/s/ Robert J. Keach*
Robert J. Keach, Esq.
Lindsay Zahradka Milne, Esq.
Roma N. Desai, Esq.
Kaitlyn M. Husar, Esq.
BERNSTEIN, SHUR, SAWYER & NELSON
100 Middle St., PO Box 9729
Portland, Maine 04104-5029
Tel: (207) 774-1200