**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| SURE WINNER FOODS, | ) | Bk. No. 19-20226 |
| | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |

**UNITED STATES TRUSTEE'S OBJECTION TO MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTOR TO FILE UNDER SEAL UNREDACTED VERSIONS OF CERTAIN FILINGS THAT MAY CONTAIN CONFIDENTIAL INFORMATION**

The United States Trustee, by and through undersigned counsel and pursuant to 28 U.S.C. § 586 and 11 U.S.C. § 307, hereby objects to Debtor's Motion, docketed as entry no. 17, for Entry of an Order To File Under Seal Unredacted Versions of Certain filings that May Contain Confidential Information, dated May 7, 2019 (the "Motion to Seal"), as follows:

**INTRODUCTION**

In the Motion to Seal, the Debtor seeks to maintain the confidentiality of certain documents which "may contain sensitive confidential information" and which are "subject to confidentiality and non-disclosure provisions" between the Debtor and certain third parties. In support of this effort, the Debtor represents that it has agreed with several of its vendors that its contracts with those vendors "contain explicit confidentiality provisions", and that public disclosure of the information denoted as confidential "could constitute a breach" of the agreements. The Debtor represents that the information denoted as confidential includes "distribution channels, strategic plans and marketing programs, and proprietary pricing information". The Debtor contends that this information constitutes "commercial information"

which is protected by section 107(b) of the United States Bankruptcy Code. The Debtor argues that this court has no discretion but to grant the relief requested. However, the Debtor bears the burden to establish that the information sought to be redacted falls within one of the two subsections of section 107(b). Given the strong public policy in favor of public access to documents filed with the Bankruptcy Court, the Debtor should be put to its proof and the Motion to Seal be denied in the absence of satisfactory evidence that the information sought to be redacted fits within the exceptions of section 107(b).

## ARGUMENT

"There is a strong presumption and public policy in favor of public access to court records." *Togut v. Deutsche Bank AG, Cayman Islands Branch et al., (In re Anthracite Capital, Inc.),* 492 B.R. 162, 170 (Bankr. S.D.N.Y. 2013). Section 107(a) of the United States Bankruptcy Code (the "Code"), codifying this strong public policy in favor of public access to documents filed in the bankruptcy court, provides that "a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge." 11 U.S.C. § 107(a).

Section 107 (b), carves out several narrow exceptions to the public access presumption. The Code authorizes the Court to protect entities "with respect to a trade secret or confidential research, development, or commercial information" and to "protect a person with respect to scandalous or defamatory matter contained in a paper filed" in a bankruptcy case. 11 U.S.C. § 107(b). The Code also permits for the protection of certain personal identifiable information to mitigate, among other things, any undue risk of identity theft. 11 U.S.C. § 107(c).

Notwithstanding the exceptions, "a court's ability to limit the public's right to access remains an extraordinary measure that is warranted only under rare circumstances as 'public

monitoring is an essential feature of democratic control.'" *Rivera v. Flores,* 524 B.R. 438, 443 (Bankr. D. P.R. 2015) (citations omitted). The burden is on the movant "to provide the court with specific factual and legal authority demonstrating that a particular document at issue is properly classified as 'confidential' or 'scandalous.'" *In re Anthracite Capital, Inc.,* 492 B.R. at 171 (citing *United States v. Continental Airlines, Inc. (In re Continental Airlines, Inc.),* 150 B.R. 334, 340-41 (D. Del. 1993)). "The moving party bears the burden of demonstrating that the information it is seeking to protect from public view is both commercial and confidential." *Id.* at 177 (citations omitted).

Section 107(b) (1) "is meant to prevent business competitors from seeing confidential business-related information and using that information to the detriment of the movant. *Id*. at 179 (citing *Gowan v. Westford Asset Mgmt. LLC (In re Dreier LLP),* 485 B.R. 821 822-23 (Bankr. S.D.N.Y. 2013)). Commercial information is "information which would cause 'an unfair advantage to competitors by providing them information as to the commercial operations of the [party seeking to seal the information].'" *Id.* at 178.

Other courts that have considered the similar issues before this Court have construed the "commercial information" exception narrowly. *See In re Dreier LLP,),* 485 B.R. 821, 822-23 (Bankr. S.D.N.Y. 2013)) ("The 'commercial information' exception is not intended to offer a safe harbor for those who crave privacy or secrecy for its own sake. Instead, it protects parties from the release of information that could cause them harm or give competitors an unfair advantage"); *Cf. Osborne v. American Express Travel Related Serv's Co., Inc. (In re Global Vending, Inc.),* Bankruptcy No. 04-23562-BKC-JKO, Adversary No. 05-2417-JKO, 2006 WL 1679732, * 3 (Bankr. S.D. Fla. May 16, 2006) (discussing and dismissing, among other issues,

the argument that the settlement sum is commercial information in support of request to seal under section 107(b)).

Consequently, well-settled public policy and the clear wording of section 107 of the Code mandate that the Motion to Seal be denied, in the absence of determination made on the basis of admissible evidence that the information sought to be redacted is information which fits within the narrow exception contained in section 107.

## **RESPONSE REQUIRED BY D. ME. LBR 9013-1(f)**

As his specific response to each of the allegations contained in the Motion to Seal, the United States Trustee states as follows:

1. Admitted

2. Admitted.

3. Admitted.

4. Admitted.

5. The United States Trustee lacks personal knowledge or information about the allegations contained in paragraph 5 of the Motion to Seal.

6. The United States Trustee lacks personal knowledge or information about the allegations contained in paragraph 6 of the Motion.

7. The United States Trustee lacks personal knowledge or information about the allegations contained in paragraph 7 of the Motion to Seal.

8. No response is required to paragraph 8 of the Motion to Seal.

9. No response is required to paragraph 9 of the Motion to Seal.

10. Paragraph 10 of the Motion to Seal contains conclusions of law to which no response is required.

11. Paragraph 11 of the Motion to Seal contains conclusions of law to which no response is required.

12. Paragraph 12 of the Motion to Seal contains conclusions of law to which no response is required.

13. The terms of the written instruments to which reference is made in paragraph 13, speak for themselves. The United States Trustee denies the remaining allegations contained in paragraph 13 of the Motion.

14. Paragraph 14 of the Motion to Seal contains conclusions of law to which no response is required. The terms of the written instruments to which reference is made in paragraph 14, speak for themselves. The United States Trustee denies the remaining allegations contained in paragraph 14 of the Motion.

15. Paragraph 15 of the Motion to Seal contains conclusions of law to which no response is required. The terms of the written instruments to which reference is made in paragraph 15, speak for themselves. The United States Trustee denies the remaining allegations contained in paragraph 15 of the Motion.

16. Denied.

17. No response is required to paragraph 17 of the Motion to Seal.

18. No response is required to paragraph 18 of the Motion to Seal.

19. No response is required to paragraph 19 of the Motion to Seal.

## **CONCLUSION**

WHEREFORE, the United States Trustee requests that the Court deny the Motion to Seal and such further and other relief as the Court deems just and proper.

Dated at Portland, Maine this 7th day of May, 2019.

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE

By:   /s/ Stephen G. Morrell
Stephen G. Morrell, Esq.
Jennifer H. Pincus, Esq.
United States Department of Justice
Office of United States Trustee
537 Congress Street
Portland, ME 04101
Phone:  (207) 780-3564

**CERTIFICATE OF SERVICE**

I, Stephen G. Morrell, being over the age of eighteen and an employee of the United States Department of Justice, U.S. Trustee Program, hereby certify that on May 7, 2019, I electronically filed the forgoing Objection of the United States Trustee to Motion for Entry of Order Authorizing Debtor To File Under Seal Unredacted Versions of Certain Filings That May Contain Confidential Information which was served upon each of the parties set forth on this Service List via U.S. mail, postage prepaid, on May 7, 2019.  All other parties listed on the Notice of Electronic Filing have been served electronically.

Dated at Portland, Maine this 7th day of May 7, 2019.

/s/  Stephen G. Morrell

**Service List:**

N/A